**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4859**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

FRANK E. SPAULDING, a/k/a Khalif Immanuel Bey,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (2:08-cr-00018-JBF-FBS-1)

Submitted:  April 13, 2009          Decided:  April 24, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank E. Spaulding, Appellant Pro Se.  Joseph Kosky, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank E. Spaulding, also known as Khalif Immanuel Bey, appeals his jury conviction and eighteen-month sentence for theft of public property, in violation of 18 U.S.C. § 641 (2006), and making a false statement, in violation of 18 U.S.C. § 1001(a)(2) (2006). Spaulding, proceeding pro se, raises several claims that he contends require that his conviction be vacated, including that: (i) as an "Aboriginal, Indigenous and Freehold Inhabitant and Moorish-American National," the district court lacked jurisdiction over him; (ii) the district court unlawfully referred to him by his birth name during the proceedings; (iii) the investigator who testified at his trial perjured himself; (iv) the "authorized representative" never entered a plea at Spaulding's arraignment; and (v) the Government slandered him when it gave information to a local newspaper that incorrectly stated the value of the property he stole.

We have considered Spaulding's arguments and have thoroughly reviewed the record and find no reversible error. Accordingly, we affirm the district court's judgment. <u>United States v. Spaulding</u>, No. 2:08-cr-00018-JBF-FBS-1 (E.D. Va. Aug. 27, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

2

before the court and argument would not aid the decisional process.

AFFIRMED